**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| WENDELL GARDNER, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 22-1977 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 5, 10 |
| | : | | |
| ERIE INSURANCE COMPANY, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFFS' MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs Wendell Gardner and Darlene Mathis ("the Gardners") filed suit against Defendant Erie Insurance Company ("Erie") to compel appraisal, and alternatively, declaratory judgment and compensatory damages in a dispute over the appropriate compensation owed to them after sustaining sewer damage to their home. The parties agree that the damage was covered by an Erie insurance policy but disagree as to how much, if anything, the Gardners are still owed. Erie removed the suit from D.C. Superior Court to this Court and now moves to dismiss the Gardners' suit for failure to state a claim. Erie argues that the policy's limitations provision prevents the Gardners from bringing suit against them nearly three years after the initial loss. The Gardners move to remand the case to D.C. Superior Court and argue that Erie has failed to meet its burden to prove a sufficient amount in controversy.

Because the Court finds that Erie has proven by a preponderance of the evidence that the amount in controversy is greater than $75,000 and that this Court therefore has subject matter jurisdiction, the Court will deny the Gardners' motion to remand. Additionally, the Court finds that the limitations provision in the insurance policy precludes this suit, and that Erie has not

waived it nor is estopped from asserting the limitations provision as an affirmative defense. Therefore, the Court will grant Erie's motion to dismiss.

## II. BACKGROUND

On June 19, 2019, the Gardners suffered from an accidental water and sewer incident that flooded their Washington, D.C. home and led to extensive property damage to both their home and personal property located in their basement. *See* Compl. ¶ 5, ECF No. 1-1. It is undisputed that the Gardners held an ErieSecure Home Insurance Policy (the "Policy") with Erie at the time of the loss, and that Erie provided payments totaling $929,296.04 to the Gardners for the damage. *See* Compl. ¶ 3; Notice of Removal at 2, ECF No. 1; Ex. B to Notice of Removal, pdf pp. 27–50, ECF No. 1-2 (Policy). But the Gardners allege that Erie "severely underpaid the claim" and are unsatisfied with the cleaning efforts completed by Erie's vendors on water-damaged personal property. Compl. ¶ 5; *see also* Pls.' Mem. in Support of Mot. to Remand at 3–4, ECF No. 10-1.

The Gardners brought suit against Erie in D.C. Superior Court on June 17, 2022, seeking to compel appraisal, and alternatively seeking the appointment of an umpire, declaratory judgment, and additional relief including compensatory damages to be determined by an appraiser. *See* Compl. at 1, 5–6. Erie timely removed to this Court. *See* Notice of Removal ¶ 2. Shortly thereafter, Erie filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See* Mot. to Dismiss at 1, ECF No. 5. Erie relies on a limitations provision under the Policy which states that "'We' [Erie] may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs." Policy at 13; *see*

*also* Mot. to Dismiss at 1.[1]  The Gardners then filed a motion to remand, arguing that this Court does not have subject matter jurisdiction over this diversity case because the suit does not meet the amount in controversy requirement.  *See* Mot. to Remand at 1–3, ECF No. 10; 28 U.S.C. § 1332(a).  The motions are ripe for decision.

### III.  LEGAL STANDARD

#### A.  Motion to Remand

"A civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)).  The party opposing the motion to remand "bears the burden of establishing that subject matter jurisdiction exists in federal court." *Id.* (internal quotation marks omitted) (quoting *RWN Dev. Grp., LLC v. Travelers Indem. Co. of Conn.*, 540 F. Supp. 2d 83, 86 (D.D.C. 2008)).  In a diversity case, federal district courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a).

"Where the complaint does not assert a particular amount in controversy . . . 'the notice of removal may assert the amount in controversy.'" *M3 USA Corp. v. Haunert*, No. 20-cv-3784,

---

[1] The Gardners filed an Amended Opposition (ECF No. 13) to Erie's Motion to Dismiss after filing their original Opposition.  The only difference between the original and amended filings was the addition of caselaw to support the Gardners' assertion that Erie should be estopped from using the contractual limitations provision as an affirmative defense.  Under Federal Rule of Civil Procedure 15, a party may amend an initial complaint, or a pleading under Rule 12(b), (e), or (f) within 21 days of service, but an opposition to a motion to dismiss does not fall under any of these categories.  Fed. R. Civ. P. 15(a)(1).  In any event, the Gardners' argument fails with or without the additional caselaw because they do not allege any conduct by Erie that would cause them to reasonably rely on the waiver or extension of the limitations provision.

2021 WL 1894847, at *1 (D.D.C. May 11, 2021) (citing 28 U.S.C. § 1446(c)(2)(A)).  If the plaintiff challenges the amount in controversy asserted by the defendant, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Sloan v. Soul Circus, Inc.*, No. 15-cv-1389, 2015 WL 9272838, at *5 (D.D.C. Dec. 18, 2015) ("The defendant . . . must prove the amount in controversy by only a preponderance of the evidence, not to a legal certainty.").  An affidavit can constitute sufficient proof that the amount in controversy is above or below $75,000 by preponderance of the evidence.  *See, e.g., Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 13 (D.D.C. 2017).

### B.  Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim" sufficient to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Id.*  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.  However, a court considering a motion to dismiss must accept the complaint's factual allegations as true.  *See, e.g.*, *Lucas v. District of Columbia*, 214 F. Supp. 3d 1, 5 (D.D.C. 2016).  Moreover,

4

the court must "draw all reasonable inferences" in favor of the plaintiff. *DC2NY, Inc. v. Acad. Express, LLC*, 485 F. Supp. 3d 113, 118 (D.D.C. 2020).

When ruling on a 12(b)(6) motion to dismiss, "the court must not rely on facts outside of the pleadings," *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 59 (D.D.C. 2007), which means the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss," *Hinton v. Corrs. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal quotation marks omitted) (citation omitted).

## IV.  ANALYSIS

### A.  Plaintiffs' Motion to Remand

The Gardners move to remand for lack of subject matter jurisdiction on the basis that the amount in controversy is less than $75,000.  Because the Gardners did not list the amount of damages sought in their complaint, Erie has the opportunity to show that the amount in controversy is above $75,000.  *See M3 USA Corp.*, 2021 WL 1894847, at *1.  Here, Erie provided an affidavit which affirmed that the Gardners have submitted 19 additional inventories for a total of $97,867 worth of personal property including clothing, pet products, and shoes that are either missing or they feel were insufficiently cleaned.  *See* Aff. of Jack A. Schenzel ("Schenzel Aff.") ¶ 3, ECF No. 14-1.  The affidavit also states that these claims are "over and above what Erie already paid." *Id.*

The Gardners argue that because they are seeking equitable relief in the form of compelling appraisal, there is no way to know how much is in controversy.  Mot. to Remand at 3.  But that is simply not the case.  "In actions seeking declaratory or injunctive relief, it is well

established that the amount in controversy is measured by the value of the object of the litigation." *M3 USA Corp.*, 2021 WL 1894847, at *2 (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Here, the Gardners' complaint seeks "[a]ppraisal," "[d]eclaratory judgment," and "[a]dditional relief." Compl. at 1. The personal property inventories that the Gardners submitted to Erie show that they claim nearly $100,000 for personal property damage "over and above what Erie already paid." Schenzel Aff. ¶ 3. Thus, regardless of whether this amount is styled in the form of equitable relief or otherwise, it is "common sense" that the amount in controversy in this case satisfies the $75,000 threshold. *M3 USA Corp.*, 2021 WL 1894847, at *1.

Erie has therefore proven, in the absence of contradicting evidence, that it is more likely than not that the amount in controversy is greater than $75,000. The Gardners' motion to remand is therefore denied.

### B. Defendant's 12(b)(6) Motion to Dismiss

Erie moves to dismiss under Rule 12(b)(6) on the ground that the limitations provision in the Policy bars the current suit. Mot. to Dismiss at 1. While the Gardners did not attach the entire Policy to their Complaint, because they invoke one portion of the Policy, they "necessarily [rely]" on the Policy for their Complaint. *Hinton*, 624 F. Supp. 2d at 46. Therefore, the Court will consider the entire Policy incorporated by reference. A statute of limitations defense is a valid affirmative defense under District of Columbia law. *See, e.g., Bradford v. George Washington Univ.*, 249 F. Supp. 3d 325, 334 (D.D.C. 2017). And a "defendant may raise the affirmative defense of a statute of limitations via a Rule 12(b)(6) motion when the facts giving rise to the defense are apparent on the face of the complaint." *Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.*, 357 F. Supp. 2d 287, 292 (D.D.C. 2005).

6

Under District of Columbia law, "[c]ontractual provisions limiting the period within which insurance policy-holders may validly initiate a lawsuit are generally enforceable." *Martinez v. Hartford Cas. Ins. Co.*, 429 F. Supp. 2d 52, 56 (D.D.C. 2006). Erie's limitations provision provides, "'We' [Erie] may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs." Policy at 13. Here, the Gardners initiated suit on June 17, 2022, nearly three years after the date of damage to their home. *See* Compl. at 1. They argue that the limitations period does not apply because they seek relief under the Policy's appraisal clause, which does not contain a limitations period. *See* Mem. Supp. of Pls.' Opp'n to Mot. to Dismiss ("Pls.' Opp'n") at 5, ECF No. 11-1. But the Policy's appraisal clause does not govern the Gardners' claim because the clause does not provide that the Court will conduct appraisal, only that it will appoint an umpire should the parties' individual appraisers fail to agree on an impartial umpire. *See* Policy at 12–13. Moreover, nothing in the appraisal clause purports to override the Policy's plain language that "[suits] must be brought within one year after the loss or damage occurs." Policy at 13; *see also District of Columbia v. D.C. Pub. Serv. Comm'n*, 963 A.2d 1144, 1155 (D.C. 2009) ("[W]hen a court interprets a contract, '[t]he writing must be interpreted as a whole, giving a reasonable, lawful, and effective meaning to all its terms.'") (citation omitted)). Under the plain language of the limitations period, the Gardners are barred from filing suit against Erie.

The Gardners counter that Erie is estopped from invoking the limitations provision. To be estopped from asserting a limitations provision as an affirmative defense, Erie must have "done anything that would tend to lull the plaintiff[s] into inaction and thereby permit the [limitations period] to run against [them]." *Martinez*, 429 F. Supp. 2d at 57 (quoting *P'ship Placements, Inc. v. Landmark Ins. Co.*, 722 A.2d 837, 842 (D.C. 1998)); *see, e.g.*, *Hall v. S.*

7

*River Restoration, Inc.*, 270 F. Supp. 3d 117, 122 (D.D.C. 2017) (holding that allegations of the insurance company telling insureds that their home would be restored to its pre-damaged state for four years, and representations from an insurance representative that the company would not enforce a warranty limitation policy were sufficient to estop defendant's limitations period defense on a motion to dismiss). "The defendant's conduct *after* the expiration of the [limitations] period cannot constitute 'lulling' for the purpose of estoppel." *Martinez*, 429 F. Supp. 2d at 58 (emphasis in original).

The Gardners also argue that Erie has waived its ability to invoke the limitations provision. "Under District of Columbia law, the general rule is that an insurance company is not deemed to have waived a contractual limitations period unless the company has conceded liability and some discussion of a settlement offer has occurred." *Id.* at 59 (cleaned up) (citation omitted). The actions indicating waiver must occur before the limitations period elapses. *See id.* "The investigation of a claim [is] not synonymous" with "the initiation of settlement discussions," so an average claim evaluation process does not waive the insurer's right to assert a limitations period. *1426 Wis. L.L.C. v. Travelers Indem. Co. of Am.*, 110 F. Supp. 3d 259, 269 (D.D.C. 2015).

While "[i]t is well-settled in the District of Columbia that '[b]oth waiver and estoppel can be invoked to preclude a party from asserting [a limitations period] as an affirmative defense,'" the Gardners do not provide sufficient allegations of Erie lulling them into inaction or conceding liability prior to the expiration of the limitations period. *Martinez*, 429 F. Supp. 2d at 57 (quoting *P'ship Placements, Inc.*, 722 A.2d at 841 n. 14). The Gardners make no factual allegations that Erie did anything to signal to the Gardners that the limitations period would not apply to their situation. They only offer the conclusory allegation that that "Erie's delay, its

insistence upon the use of its own approved contractors, its refusal to pay any more than a fraction of the actual loss sustained[,] as well as other factors," support their request for estoppel. Compl. ¶ 10.  The Gardners also argue that they are entitled to discovery "to further develop facts concerning . . . waiver and estoppel" because they have not had the opportunity to "learn what transpired" to cause delays in processing their claim.  Pls.' Opp'n at 14.  Simply pointing to a lack of evidence and "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice to justify further discovery.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  The Gardners' allegations do not constitute lulling because they do not indicate that Erie made any statements that the Gardners relied on, causing them to file suit after the limitations period elapsed.  The Gardners have not provided any factual basis which would convince the Court to prevent Erie from asserting the limitations provision.

       The Gardners' additional arguments against the enforcement of the limitations provision are also unpersuasive.  First, the Gardners argue that the one-year statute of limitations could only have started when Erie sent a letter stating it would stop making payments on the claim, creating the Gardners' apparent cause of action.  Pls.' Opp'n at 6.  The Policy, however, explicitly states that the limitations provision starts at the time of loss, the date of which is undisputedly June 19, 2019.  *See* Policy at 13; Compl. ¶ 5.  Second, the Gardners argue that this action is not a "suit" for purposes of the limitations provision because it is an equitable action. Pls.' Opp'n at 6.  The Gardners cannot point to any District of Columbia case law which interprets "suit" to exclude equitable actions.  They fail to recognize that "[t]here is one form of action—the civil action."  Fed. R. Civ. P. 2; *accord* D.C. Super. Ct. R. Civ. P. 2.  Finally, the Gardners state simply that "[r]egardless of whether the applicable limitations period is one . . . [year], the Covid emergency tolled limitations and the Gardners' complaint was timely

filed." Pls.' Opp'n at 6.  The Court assumes that the Gardners intend to use the COVID-19 pandemic as a justification for equitable tolling by construing it as an "extraordinary circumstance [that] stood in [their] way" of filing.  *Kerr v. U.S. Dep't of State*, 305 F. Supp. 3d 1, 5 (D.D.C. 2018).  However, neither the D.C. Superior Court nor this District's COVID-19 orders provide for the tolling of contractual limitations period.  *See* Joint Comm. on Jud. Admin. for D.C. Cts., Order Regarding Operation of the DC Courts During the Coronavirus Emergency (Mar. 18, 2020); D.D.C., Standing Order No. 20-19, Extension of Postponed Court Proceedings in Standing Order 20-9 and Limiting Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic (Apr. 2, 2020).  Even if the Court were to consider COVID-19 as a reason to toll the limitations period, the Gardners provide no explanation why COVID-19 prevented them from bringing suit for almost two years after the limitations period initially expired.

Because Erie has not waived and is not estopped from asserting its limitations provision as an affirmative defense, the provision is valid and bars the current action.  The Gardners cannot bring suit and therefore have failed to state a claim.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 10) is denied, and Defendant's Motion to Dismiss (ECF No. 5) is granted.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 4, 2022                                                         RUDOLPH CONTRERAS
                                                                                                   United States District Judge